MACON, DUBLIN AND SAVANNAH RAILROAD COMPANY *et al. v.* GRAHAM & WARD.

SIMMONS, C. J.   1. A common carrier can not, in this State, lawfully discriminate against one of two or more connecting carriers as to the facilities afforded or the charges made touching an interchange of freight.   See *Logan* v. *Central Railroad*, 74 *Ga.* 684. So where a railway company extends its line of road to the bank of a navigable stream and there constructs a wharf and steam "hoist," with a view to facilitating the handling of freight received from or consigned to the proprietors of steamboats plying such stream, the railway company is bound to afford the owners of competing boat lines equal privileges with respect to the use of its wharf and the appliances it provides for the loading and unloading of freight.

2. "While under the code an injunction which is purely mandatory in its nature can not be granted, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act." *Goodrich* v. *Georgia Railroad Co.*, 115 *Ga.* 340.

3. In view of the evidence adduced on the hearing of the present case, there was no abuse of discretion in granting an injunction of the persuasive nature just indicated; and though the order passed by the chancellor is open to the criticism that it is, in some respects, of a purely mandatory character, the attack made upon it on this ground has been met by an appropriate direction from this court, looking to an elimination from the order of all its objectionable features.          *Judgment affirmed, with direction. By five Justices.*

Submitted March 23,—Decided April 8, 1903.

Injunction.     Before Judge Foster.     Laurens superior court. December 26, 1902.

*J. M. Stubbs, Minter Wimberly,* and *Akerman & Akerman,* for plaintiffs in error.    *Davis & Sturgis,* contra.