## MERCHANTS & MINERS TRANSPORTATION COMPANY
### *v.* GRANGER & LEWIS.

1. A shipper may invoke the equitable remedy of injunction to restrain a common carrier, in the discharge of its duty to the public, from granting discriminatory favors to other shippers, to his prejudice and injury, where the remedy at law is not adequate or effectual.
2. Substantially all the legal propositions involved in this case were considered in the case of *Ocean Steamship Co.* v. *Savannah Locomotive Works and Supply Co.*, 131 *Ga.* 831 (63 S. E. 577); and under the law as declared in that case, and the evidence, the court did not abuse his discretion in granting an injunction.
3. "While under the code an injunction which is purely mandatory in its nature can not be granted, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act."

Argued May 21, 1908.--Decided February 22, 1909.

Injunction. Before Judge Cann. Chatham superior court. February 4, 1908.

*Garrard & Meldrim* and *Adams & Adams,* for plaintiff in error. *Hitch & Denmark* and *Osborne & Lawrence,* contra.

EVANS, J. This is a suit by Granger & Lewis, lumber merchants, against the Merchants & Miners Transportation Company, a common carrier, operating steamboats for the carriage of passengers and goods between the port of Savannah, Georgia, and the ports of Baltimore, Maryland, and Philadelphia, Pennsylvania. Lumber is one of the commodities which the carrier professes to carry. The plaintiffs complained of certain discriminations against them in the receipt and transportation of their lumber, and sought to enjoin the defendants from their further continuance. On the in-

terlocutory hearing the court passed the following order: "After having heard evidence and the argument of counsel in the above-named cause, it is considered, ordered, and adjudged that the defendant be and it is hereby restrained from continuing the discriminations in this order described, that is to say, from booking future shipments of cotton and other articles of commerce for persons dealing in the same, until it places plaintiffs upon a substantially similar basis for booking lumber for future shipment, wherever the storage capacity and safety of the ships permit such equality of basis of booking; from receiving or carrying any lumber or other articles of commerce of similar character and similarly circumstanced, tendered to defendant for shipment, until it receives and carries lumber of the plaintiffs duly tendered to defendant at a prior date, the storage capacity and safety of defendant's ships permitting; and from receiving or carrying any articles of commerce similarly circumstanced for any other person, until it carries for plaintiffs lumber tendered to it according to its custom of receiving for shipment prior to the date of the tender of said articles of commerce for shipment, the storage capacity and safety of defendant's ships permitting; and from refusing to receive and carry the lumber of plaintiffs in the order in which it is duly tendered for shipment, provided the storage capacity and safety of the ship permits such reception and carriage. The intention of this order being to prevent the alleged discriminations in favor of others to the extent of denying the common-law right of plaintiffs, so far as applicable to the pleadings of this case, to have their commodity, tendered as aforesaid, taken in the order of its proper tender until the carrier's capacity for plaintiffs' commodity is safely full, or until the carrier abandons, after adequate notice, the carriage of lumber. This right to plaintiffs must not be made so as to deny to other shippers any of their common-law rights. This order to be interpreted in accordance with the judge's views expressed in the opinion filed in this case on January 23rd, 1908." Exception is taken to this order.

1. The plaintiff in error raises the point that even if the defendants in error were unjustly discriminated against, their remedy would be by an action of damages, or by mandamus, and that resort to equity was not necessary. The correctness of this contention depends upon the effectiveness of the relief at law. "A mere

privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." Civil Code, § 3941. According to the allegations of the petition, Granger & Lewis, the plaintiffs in the court below, are lumber merchants buying lumber and selling the same to persons living in Philadelphia, and other points north and east. As such merchants the plaintiffs have built up a large trade in the "steamer business"—that is to say, filling special orders for lumber to be delivered in less than ship-load lots, and at particular times, on the faith of the means of transportation afforded by the defendant Transportation Company. There are many other persons living in Florida and Georgia on the lines of the various railroads leading out of Savannah, who likewise do a steamer business over the defendant's line of steamers to Philadelphia, and other points north and east. Many persons living in Savannah, and at other points on lines of railroad leading into Savannah, shipped cotton over the defendant's lines of steamers to Philadelphia, and other points north and east. Although the plaintiffs are able and willing, and offer to pay all freights, and to comply with all reasonable rules and regulations, the defendant discriminates against them, and in favor of other persons who ship lumber from other points than Savannah through Savannah, and in favor of those persons who ship cotton and other articles of commerce over the ships of the defendant company. The discrimination consists in giving to other shippers of lumber and cotton prompt service, while it refuses to take plaintiffs' lumber as offered, and will take only a small portion thereof; and in "booking" cotton—that is, making specific arrangements for the transportation of cotton by a particular vessel in advance of its sailing day, and refusing to book lumber, this "booked" cotton being transported in preference to lumber tendered subsequently to the booking, but prior to the arrival of the "booked" cotton. These discriminations are continuous, and according to a fixed policy of the defendant. The plaintiffs have large sums of money invested in their business, and have spent years of skill and intelligent energy in building it up, and their business will be irreparably injured unless the defendant is enjoined from discriminating against them. The injury complained of is a constantly recurring one; and if the plaintiffs' remedy be confined to an action for

damages for each refusal of the transportation company to comply with its common-law duty to accept lumber tendered to it, repeated suits and litigation will be necessary. The injury to the plaintiffs is of that nature which can not be adequately relieved by suits for damages. Nor would the remedy of mandamus be as effectual and adequate as that afforded by equity. If the plaintiffs should apply for the writ of mandamus to compel the defendant to discharge its public duty to them, upon an issue of fact being made the proceedings would have to be returned to the superior court for trial at a subsequent term of court (Civil Code, §§ 4871, 4872), and in the meantime the business of the plaintiffs might be seriously hurt or irreparably injured by the delay.

The authorities very generally recognize that a shipper may invoke the equitable remedy of injunction to restrain common carriers from granting discriminatory favors to other shippers to his prejudice and injury, where the remedy at law is not adequate or effectual. 1 High on Injunctions, 595, 596; 6 Pomeroy's Eq. Jur. (3d ed.) § 633; U. S. *v.* Union Pacific R. Co., 160 U. S. 1 (16 Sup. Ct. 190, 40 L. ed. 319); Schofield *v.* Lake Shore R. Co., 43 Ohio St. 571 (3 N. E. 507, 54 Am. Rep. 864); Rogers Locomotive and Machine Works *v.* Erie Ry. Co., 20 N. J. Eq. 379.

2. Substantially all the legal propositions involved in the merits of the case at bar were considered in the recent case of *Ocean Steamship Co.* v. *Savannah Locomotive Works and Supply Co.,* 131 *Ga.* 831 (63 S. E. 577). It was there held that the common-law obligation of a carrier by sea is to receive for transportation goods which it is able and accustomed to carry, in the order of their tender, without preference to any shipper. It was further held that this obligation did not inhibit a common carrier by sea from making bookings,— that is, from making specific arrangements for the transportation of goods by a particular vessel in advance of its sailing day, provided this privilege is indifferently extended to all patrons, or if the grant of this privilege to shippers of one commodity does not interfere with the carrier's discharge of its duty to the shippers of other commodities with respect to the receipt and transportation of goods. It is admitted that the Transportation Company books cotton ahead of time, to be carried on a particular steamer to its terminal port, to be transshipped to particular foreign steamers, and offers this same privi-

lege to lumber going foreign, but that no domestic shipments are booked. It is contended that this practice is regulative of its business, and not discriminatory, and is justified by the Civil Code, §2278, which allows a common carrier to adopt reasonable regulations for its own safety, and the benefit of the public, in the reception of goods for transportation. We do not understand that the law will sanction any practice of a common carrier, under the guise of regulating its business, that will relieve the carrier of its legal obligations. We apprehend the rule to be, as has oftentimes been declared, that a carrier may grant favors to a shipper, without being open to the charge of unjust discrimination, only when the carrier, by granting the favor, does not deny to other shippers any right which they may demand under the law, and the favored shipper is not given any material advantage in competition in business. The point of the complaint of the lumber dealers in this case is, that, by booking cotton going foreign, the carrier has contracted away its space in advance, and when they tendered their lumber for shipment before the arrival of the booked cotton for transportation, the carrier refused to receive lumber, because of its prior booking contract, and it refused lumber dealers the privilege of booking their commodity solely because it was a domestic shipment. This is unjust discrimination, for the reason that the booking of cotton going foreign prevents the carrier from discharging its common-law obligation of indifferently serving the public in the reception of goods for transportation.

We do not deem it necessary to enter into any extended discussion of the application of the principles decided in the case of *Ocean Steamship Co.* v. *Savannah Locomotive Works and Supply Co.*, supra, to the facts of this case. We think that the court was authorized, under the evidence and the law as declared in that case, to grant the injunction to which exception is taken.

3. It is said that the injunction granted by the court is mandatory in character, and especially that provision which restrains the defendant "from refusing to receive and carry the lumber of the plaintiffs in the order in which it is duly tendered for shipment, provided the storage capacity and safety of the ship permits such reception and carriage." The chief object for which the injunction is asked is to restrain the defendant from receiving and transporting lumber and cotton of other shippers, tendered after

the plaintiffs' lumber has been tendered and refused by the carrier, until the carrier complies with its legal obligation to them with respect to the receipt and transportation of their lumber. The court undertook in his order to separately enumerate the various acts of discrimination which were enjoined, which the carrier was to refrain from continuing. In other words, the carrier was enjoined from receiving for transportation articles of subsequent tender, until it discharged its public duty in accepting the plaintiffs' lumber. The indirect effect of this restraint was to compel the receipt and carriage of the plaintiffs' lumber in the order of its tender; and that portion of the injunctive order just quoted is only an expression of the necessary implication of the effect of its other portions. The court's order requires the defendant to cease its discriminatory conduct, though compliance therewith may cause the carrier to accord to the plaintiffs their legal rights in the acceptance and carriage of their lumber in the order of its tender. While under the code (§4922) an injunction will not issue to compel a person to perform an act, yet the court may grant an order the essential feature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act. *Goodrich* v. *Ga. R. R. & Bkg. Co.,* 115 *Ga.* 340 (41 S. E. 659). In the case of *Macon, Dublin & Savannah R. Co.* v. *Graham & Ward,* 117 *Ga.* 555 (43 S. E. 1000), this principle was applied to the case of discriminations by a carrier in favor of one of its connecting carriers over another as to facilities afforded and charges made touching the interchange of freight. In that case a railway company, whose line of road extended to the bank of a navigable stream, constructed a wharf and steam hoist with a view of facilitating the handling of freight received from and consigned to the proprietors of the steamboats plying such stream; and the court in its order enjoined the railway company from interfering with the use of the hoist by the owner of one steamboat in receiving and delivering freight to the railway company, and required the railway company to accept and deliver freight from the plaintiffs' boat in the same manner and on the same terms as it received and delivered freight to the competing boat. In the judgment of this court modifying the mandatory feature of this order, it was directed that the judgment of the court below be so framed as "to enjoin the railroad company from

granting, to others privileges not accorded to the plaintiffs in their capacity as common carriers." This is the relief granted in the order under review, the primary and essential object of which is to restrain the defendant from granting discriminatory favors to other shippers, to the injury of the plaintiffs; and the court's order will not be considered as mandatory in character, notwithstanding that the defendant, in yielding obedience to its restraint, may incidently find it necessary to receive and transport the plaintiffs' lumber in the order of its tender.

*Judgment affirmed.    All the Justices concur.*