## 3565.  GAINOUS *v.* MARTIN.

Possessory warrant lies only for the recovery of personal property.  Immature growing crops are not "personal property," but are realty; hence, possessory warrant is not one of the remedies allowed to the landlord against his cropper, under the provisions of the Civil Code (1910), § 3706, so far as such crops are concerned.

DECIDED DECEMBER 19, 1911.

Possessory warrant; from city court of Cairo—Judge Singletary. June 10, 1911.

*R. C. Bell, Ira Carlisle,* for plaintiff in error.

POWELL, J.  Gainous was a cropper on Martin's farm.  They had a controversy about the use of a well near the house occupied by Gainous; Gainous having forbidden Martin and his family to use the well.  This was in early June, before the maturity of the crops.  Martin swore out a possessory warrant for the crops, and to an unfavorable judgment thereon Gainous excepts.

Our statutes relating to the reciprocal rights and duties of landlord and cropper (Civil Code of 1910, §§ 3705-3707, inclusive) are as follows: "Whenever the relation of landlord and cropper exists, the title to and right to control and possess the crops grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops."  "In all cases where a cropper shall unlawfully sell or otherwise dispose of any part of a crop, or where the cropper seeks to take possession of such crops, or to exclude the landlord from the possession of said crops, while the title thereto remains in the landlord, the landlord shall have the right to repossess said crops by possessory warrant, or by any other process of law by which the owner of property can recover it under the laws of this State."  "Where one is employed to work for part of the crop, the relation of landlord and tenant does not arise.  The title to the crop, subject to the interest of the cropper therein, and the possession of the land remain in the owner."

The right to pursue possessory warrant under the circumstances of the present case is asserted under that provision of section 3706 wherein it is stated that the landlord "shall have the right to repossess said crops by possessory warrant, or by any other process of

law by which the owner of property can recover it under the laws of this State." This provision, however, must be read in the light of the general law. Possessory warrant is essentially a remedy for the recovery of the possession of personal property—property capable of corporeal seizure and actual or constructive delivery into physical possession. Growing crops prior to maturity are realty. *Bagley* v. *Columbus Ry. Co.,* 98 *Ga.* 626 (25 S. E. 638, 34 L. R. A. 286, 58 Am. St. Rep. 325). Possessory warrant does not lie for the recovery of realty. Hence the plaintiff mistook his remedy, even if he had a cause of action under the circumstances of the case. *Judgment reversed.*