*W. L. Stallings,* contra.

---

10585. CHARLES W. TWAY COMPANY *v.* HEDENBERG.

1. "An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Civil Code (1910), § 4329.

2. A check for less than the amount claimed by the creditor is not payment of the debt until it is itself paid, or unless expressly so agreed. *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 631 (57 S. E. 1074); *Watt-Harley-Holmes Hardware Co.* v. *Day,* 1 *Ga. App.* 646 (57 S. E. 1033); *Edwards Bottling Works* v. *Jarnagin,* 11 *Ga. App.* 162 (74 S. E. 1004); *Kirby Planing Mill Co.* v. *Titus,* 14 *Ga. App.* 1 (80 S. E. 18).

3. This case was tried by a judge of the municipal court of Atlanta without a jury, and the case was taken by certiorari to the superior court, and the judge of the latter court sustained the certiorari and granted a new trial. This was, under the law, the first grant of a new trial, and unless the judgment in the municipal court was absolutely demanded by the evidence, this court will not interfere with the discretion of the judge

of the superior court in ordering a new trial. See *Ferry* v. *Mattox,* 118 *Ga.* 146 (44 S. E. 1005) ; *Taylor* v. *Mutual Benefit Industrial Life Association,* 20 *Ga. App.* 236 (2), (92 S. E. 1012) ; *Cochran* v. *Minter,* 10 *Ga. App.* 337 (73 S. E. 551).

DECIDED NOVEMBER 28, 1919.

Certiorari; from Fulton superior court—Judge Bell. March 21, 1919.

*Lee M. Jordan,* for plaintiff in error.

*King & Spalding, John A. Sibley, Neufville & Neufville,* contra.

SMITH, J. On December 4, 1917, a contract was entered into between Charles L. Hedenberg and the Charles W. Tway Company, by the terms of which Hedenberg was to have the exclusive sale of Haynes automobiles within a certain territory. The contract was to expire by its own limitation on June 30, 1918. Hedenberg deposited or paid to the Tway Company $500 for this exclusive right to sell Haynes automobiles in the territory named in the contract. One section of the contract provided that the whole contract might be canceled by either party by giving 10-days written notice to the other party, and if the contract should be canceled by Hedenberg, the Tway Company should not be required to pay any part of the said $500, but if canceled by the Tway Company it should return to Hedenberg such proportion of the $500 as the unexpired term of the contract bore to the whole term. There was written into the contract another provision as follows: "It is understood and agreed that the deposit will be returned at expiration of contract." Some 16 days before the expiration of the contract Hedenberg gave notice to the Tway Company of the cancelation of the contract, and demanded that the $500 deposit be paid back to him. Prior to this notice of cancelation the Tway Company had allowed Hedenberg a commission of $271.25 upon a disputed claim as to the commissions on three automobiles sold by one Thompson. Upon receiving the letter of Hedenberg canceling the contract the Tway Company wrote Hedenberg a letter denying his right to the return of the $500, but offering to refund it less the brokerage or commission of $271.25, referred to above. This letter was dated June 25, 1918. Hedenberg on June 26th, 1918, replied that unless he received a check for the $500 in the very near future he would have to put his claim in the hands of an attorney for collection. On June 28, 1918, the Tway Company again wrote to Hedenberg, enclosing a

check for $228.75, and using the following language: "We enclose you herewith our check No. 1604 in the sum of $228.75, and this, together with the credit of $271.25 recently paid you, makes full payment of any claim you might profess to have for $500. In doing this, however, we do not waive any rights we have under the former existing contract, and this tender is made as an offer of complete settlement, and does not in anywise release any claim we have." Hedenberg retained the check, but did not indorse it or cash it. Afterwards he sued the Tway Company in the municipal court of Atlanta for the $500, with interest, and the defendant filed a general answer. The case was tried before a judge of the municipal court without a jury. During the trial the Tway Company amended its answer by adding a plea of accord and satisfaction. The judge of the municipal court found in favor of the defendant. There was conflict in the testimony as to the right of Hedenberg to retain the commission of $271.25, and the evidence showed that while Hendenberg retained the check without indorsing or cashing it, the Tway Company, prior to the filing of the plea of accord and satisfaction, stopped payment of the check.

It is not necessary to add anything further to what is said in the headnotes.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*