### 11178.   BINGHAM *v.* HAINES.

SMITH, J.   1.   A possessory warrant lies only for the recovery of personal property, and not for the recovery of realty. *Gainous* v. *Martin*, 10 *Ga. App.* 210 (72 S. E. 1100).

(a)   "A crop of corn not detached from the soil, whether mature or immature, is a part of the realty." *Newton County* v. *Boyd*, 148 *Ga.* 761 (98 S. E. 347), and cit.   Shrubbery and flowers planted by a tenant are, when not detached from the soil, realty, and cannot be removed by him, *Wright* v. *DuBignon*, 114 *Ga.* 765, 771 (40 S. E. 747, 57 L. R. A. 669).

2.   It follows that a possessory warrant will not lie to recover shrubbery and flowers attached to the realty.   Even had this been the proper remedy, the municipal court of Savannah did not have jurisdiction to entertain and try such a suit (Ga. L. 1915, p. 124, § 3); and while jurisdiction of the person may be waived by appearance and pleading to the merits, a party to an action cannot thus confer jurisdiction upon a court which has no jurisdiction of the *subject-matter* of the suit. *Chapman* v. *Silver*, 18 *Ga. App.* 476 (2) (89 S. E. 590).

3.   Moreover, the first grant of a new trial by a judge of the superior court, on certiorari to review a verdict and judgment of a municipal court, will not be disturbed where the verdict was not demanded by the

evidence. *Charles W. Tway Co.* v. *Hedenburg,* 24 *Ga. App.* 520 (101 S. E. 199), and cit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 8, 1920.

Certiorari; from Chatham superior court — Judge Meldrim. November 10, 1919.

*Simon N. Gazan,* for plaintiff.

*Anderson, Cann, Cann & Walsh,* for defendant.