GEORGIA SOUTHWESTERN AND GULF RAILROAD COMPANY
*et al.* v. GEORGIA-ALABAMA POWER COMPANY *et al.*

ATKINSON, J. 1. In a suit for damages and to enjoin a continuing nuisance, where the defendant's answer raised several issues of fact on which evidence was introduced at an interlocutory hearing, a bill of exceptions assigning error on the judgment refusing to enjoin tem-

porarily the alleged nuisance, in which it is stated that the judgment was based on the sole ground that " the injunction prayed for would be mandatory in its nature, and no injunction can be granted plaintiff which is not mandatory," and that as to all other matters he held with the plaintiff, and the bill of exceptions states that " no evidence was introduced by either side as to what acts defendants would have to perform if the injunction were granted," and that " none of the evidence introduced before said judge is material to elucidate the error complained of in this bill of exceptions," the bill of exceptions will not be dismissed, on motion of the defendant in error, on the ground that the brief of the evidence submitted at the interlocutory hearing was not brought to the Supreme Court. Civil Code, § 6140; *Lamar* v. *Gardner*, 113 *Ga.* 781 (39 S. E. 498). In such case the allegations in the petition and admissions in the answer may be considered as a basis for the judge's decision, and the question as to the correctness of the judge's ruling that the injunction prayed for would be mandatory will be decided on the basis of the pleadings.

2. Where a power company maintains a dam equipped with floodgates across a stream, which causes water to overflow and pond under a bridge of a railroad company further up the stream, continuance of which will injure the supporting piers of the bridge and render it unsafe, and the depth of the water is such as to render impossible the making of repairs or the renewal of the piers, an order restraining the power company from continuously maintaining the overflow under the railroad bridge so high as to prevent the railroad company from making reasonable and necessary repairs to the piers would not amount to a mandatory injunction, although in order to obey such restraining order it might be necessary for the power company to open the floodgates in the dam at intervals for the purpose of enabling the railroad company to make reasonable and necessary repairs to the bridge. *Goodrich* v. *Georgia Railroad Co.*, 115 *Ga.* 340 (41 S. E. 659); *Macon, Dublin & Savannah R. Co.* v. *Graham*, 117 *Ga.* 555 (43 S. E. 1000); *Mackenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. 1003, 16 Ann. Cas. 723); *Oostanaula Mining Co.* v. *Miller*, 145 *Ga.* 90 (88 S. E. 562); *Sweetman* v. *Owens*, 147 *Ga.* 436 (94 S. E. 542). Under the admissions in the pleadings, the judge would have been authorized to grant an injunction of the nature stated in this note; and it was erroneous to hold as a matter of law that an injunction that was not mandatory could not be granted, and on such basis alone to refuse any injunction.

*Judgment reversed. All the Justices concur, except Hill, J., absent, and*

GILBERT and GEORGE, JJ., dissenting. This was a suit for injunction. The answer of the defendant did not admit facts which would have authorized the grant of an interlocutory injunction. The interlocutory injunction was denied, and the judge in his order based his refusal of the injunction upon the ground that the injunction sought was mandatory. The exception is to the refusal to grant the interlocutory injunction. The error assigned depends upon a consideration of the evidence introduced upon the hearing; and since no attempt has been made to bring the evidence to this court, it results that the judgment should be

affirmed. If the evidence had been brought to this court, and if upon a consideration of the evidence it appeared that the plaintiff was entitled to the injunction either as a matter of law, or in the discretion of the court, it would follow, under the decision in *Head* v. *Bridges*, 72 *Ga.* 30, and other like cases, that the judgment refusing the injunction should be reversed. In the absence of any brief of evidence this court is unable to say that an injunction would have been authorized in any event; and therefore the question as to whether the relief prayed was mandatory in character is necessarily an abstract question which may never arise in the case; and neither party should be concluded upon that question in the present state of the record.

No. 2354.   October 1, 1921.

Petition for injunction. Before Judge Wilson. Dougherty superior court. December 2, 1920.

*W. H. Beckham, R. J. Bacon, R. H. Ferrell,* and *Pope & Bennet,* for plaintiff.

*Robert C. & Philip H. Alston* and *Milner & Farkas,* for defendants.