20447. HIX, executor, v. WILLIAMS.

BROYLES, C. J. 1. Prior to the passage of the act approved August 21, 1922 (Ga. L. 1922, p. 114), growing crops still attached to the soil were a part of the realty, and a purchaser of the land obtained title to both the land and the crops.

(a) Where W., in 1929, purchased at a sheriff's sale a tract of land, he obtained title to the crops then growing on the land and which were ungathered, where the deed to secure the debt for the nonpayment of which the sale was made by the sheriff *was executed in 1917*. The grantee in the security deed of 1917 obtained title to the land, and to all crops grown thereon and owned by him, while they were attached to the soil. The title to both the land and such crops passed to W. as the successor in title of the grantee in the security deed. In such a case the act of 1922, not being retroactive, does not apply. See, in this connection, *Virginia-Carolina Chemical Co.* v. *Floyd*, 159 *Ga.* 311 (1), 312 (125 S. E. 709); *Chason* v. *O'Neal*, 158 *Ga.* 725 (3) (124 S. E. 519).

2. Where an instrument denominated a bill of sale for personalty and given to secure a debt, as provided in section 3306 of the Civil Code of 1910, contains a stipulation that the title to the personalty is put into the vendee until the debt is paid in full, this stipulation, by its terms, terminates the title to the vendee on the payment of the debt, and, when the debt is paid, the title reverts to the vendor. The instrument, therefore, is a mortgage only, and creates only a lien upon the personalty, and passes no title thereto. *Grady* v. *Harris Inc.*, 41 *Ga. App.* 111 (151 S. E. 829).

(a) In such a case as is stated above in paragraph 1, the act passed at the extraordinary session of the General Assembly in 1926 (Ga. L. 1926, Ex. Sess., p. 44), making bills of sale to crops, executed for the purpose of making the crops, superior to judgments of older date, is not applicable, since that act can not be retroactive. To construe the act otherwise would render it unconstitutional.

3. Under the above-stated rulings, the court did not err in directing a verdict in favor of W., the claimant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 7, 1930.

*R. Howard Gordon,* for plaintiff. *Berry T. Moseley,* for defendant.