## ADCOCK *et al. v.* BERRY *et al.*

BELL, Justice. 1. Where under a power of sale in a security deed the grantee in case of default was authorized, on compliance with certain conditions, to sell the land described in the deed to the highest bidder "for cash," and the sale was duly advertised and auctioned on that basis, the sale was not rendered invalid by a subsequent arrangement between such grantee and the highest bidder, not the result of any previous agreement or understanding, whereby a note of the latter was accepted in lieu of cash, but the grantee would be accountable for the note as cash in settling with the debtor. Code, § 37-607; *Willbanks* v. *Untriner*, 98 *Ga.* 801 (5) (25 S. E. 841).

2. "Realty or real estate includes all lands and the buildings thereon, and all things permanently attached to either, or any interest therein or issuing out of or dependent thereon." Code, § 85-201. This provision was contained in the Code of 1863 as section 2197, and has appeared in each of the subsequent Codes.

(*a*) "All crops, matured or unmatured, are declared to be personalty." Code, § 85-1901; Ga. Laws 1922, p. 114. This law as codified from the act of 1922 refers to crops that mature, and does not include a nursery or nursery stock attached to and growing in the soil. As to "crops" under the former law, see *Newton County* v. *Boyd*, 148 *Ga.* 761 (98 S. E. 347); *Williams* v. *Mitchem*, 151 *Ga.* 227 (4) (106 S. E. 284). For decisions based on the act of 1922, see *Chatham Chemical Co.* v. *Vidalia Chemical Co.*, 163 *Ga.* 276 (136 S. E. 62); *Penn Mutual Life Insurance Co.* v. *Larsen*, 178 *Ga.* 255 (2) (173 S. E. 125).

(*b*) "The word 'crops' includes and embraces the fruits and products of all plants, trees, and shrubs." Code, § 85-1902; Ga. Laws, 1933, p. 128. Properly construed, this law as codified from the act of 1933 does not affect the "plants, trees, and shrubs" themselves, but applies only to fruit and products in the nature of fruit derived from such plants, trees, and shrubs. Accordingly, neither would this statute embrace as personalty a nursery or nursery stock consisting of plants, trees, and shrubs, attached to and growing in the soil. As to construction, compare *Standard Oil Co.* v. *Swanson*, 121 *Ga.* 412 (49 S. E. 262).

(*c*) The decision in *Miller* v. *Jackson*, 190 *Ga.* 668 (10 S. E. 2d, 35), involved the fruit or product of trees (pecan nuts), and is therefore distinguished by its facts from the instant case.

3. Under the preceding rulings, the nursery and nursery stock in controversy, though placed upon the land by the grantor after executing the security deed, are to be treated as a part of the realty under the Code, § 85-201, supra, as between such grantor and a purchaser at the sale under the security deed, and the sale having been lawfully made in accordance with the power, the interest of the grantor was terminated thereby. See in this connection, *Brigham* v. *Overstreet*, 128 *Ga.* 447 (5) (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75); *Evans Marketing Agency* v. *Federated Growers Credit Corporation*, 175 *Ga.* 294, 301 (165 S. E. 114); *Hix* v. *Williams*, 42 *Ga. App.* 143 (155 S. E. 355); *Pridgen* v. *Murphy*, 44 *Ga. App.* 147 (160 S. E. 701); *Currin* v. *Milhollin*, 53 *Ga. App.* 270 (3) (185 S. E. 380); *Batterman* v. Albright, 122 N. Y. 484 (25 N. E. 856, 11 L. R. A. 800, 19 Am. St. R. 510).

(*a*) No decision is made as to what should be the rule as between parties occupying the relation of landlord and tenant, or other relation different from that appearing in this record. On the general subject, see *Chason* v. *O'Neal*, 158 *Ga.* 725 (124 S. E. 519); *Bingham* v. *Haines*, 25 *Ga. App.* 136 (102 S. E. 923); Story *v.* Christin, 14 Cal. 2d, 592 (95 Pac. 2d, 925, 125 A. L. R. 1402, note).

4. In such case, where the grantor himself instituted a suit in equity against the purchaser at the sale under the security deed and others, to restrain such purchaser from entering into possession, on the alleged ground that the sale had not been "for cash," and from taking possession of the nursery stock, on the ground that it was personalty and did not go with the land, and the purchaser filed an answer and a cross-action, seeking injunction against the plaintiff to prevent him from removing the shrubbery and nursery stock, from interfering with the purchaser's "right of possession of said property and premises," and "from occupying the dwelling located on said premises," the cross-action was not subject to demurrer on the ground that it showed no right or title in the complainant therein as to such shrubbery and nursery stock.

(*a*) Even if the cross-action in asking, as in prayer 3, that the plaintiff be enjoined from "occupying the dwelling on said premises" may have sought a mandatory injunction in violation of the Code, § 55-110, the only injunction actually granted was a general decree enjoining the plaintiff from interfering with the defendant "in her quiet and peaceable possession of the said nursery or the premises on which the same is located;" and the injunction thus granted being merely incidental to other relief sought, and therefore permissible under the pleadings and the evidence, the overruling of the demurrer to prayer 3, if originally erroneous, was rendered harmless by the subsequent proceedings. See, in this connection, Code, § 37-105; *Goodrich* v. *Georgia Railroad & Banking Co.*, 115 *Ga.* 340 (41 S. E. 659); *Baxter* v. *Camp*, 126 *Ga.* 354 (54 S. E. 1036); *Georgia Southwestern & Gulf Railroad Co.* v. *Georgia-Alabama Power Co.*, 152 *Ga.* 172, 174 (108 S. E. 521); *English* v. *Little*, 164 *Ga.* 805 (5) (139 S. E. 678); *Denson* v. *Tarver*, 186 *Ga.* 180, 182 (197 S. E. 242); *Jacobs* v. *Rittenbaum*, 193 *Ga.* 838 (20 S. E. 2d, 425).

(*b*) There was no merit in other grounds of the demurrer to the cross-action.

5. Under the foregoing rulings, the court did not err in overruling the demurrer to the cross-action, or in directing the verdict in favor of the complainant therein. For convenience, parties have been generally referred to in the singular, although there were two grantors and two grantees in the security deed, and a plurality of both plaintiffs and defendants.     *Judgment affirmed. All the Justices concur.*

No. 14140. JULY 15, 1942.

*Joseph E. Buffington* and *Noah J. Stone,* for plaintiffs.
*W. L. Nix* and *D. B. Phillips,* for defendants.