## 54960. FISHER et al. v. GREAT AMERICAN MANAGEMENT & INVESTMENT.

SHULMAN, Judge.

This appeal is brought from an order confirming a sale under power in a deed to secure debt.

1. Appellants enumerate as error a finding by the trial court that there were no irregularities in the conduct of the sale. They allege that appellee chilled the bidding

by advertising the sale as one for cash while intending to take a promissory note from the purchaser, a wholly-owned subsidiary of appellee corporation. They argue that persons with an interest in buying the property would have been discouraged by the necessity of paying cash. Appellee submits that the court's finding was authorized by the evidence and must be affirmed.

"Where under a power of sale in a security deed the grantee in case of default was authorized, on compliance with certain conditions, to sell the land described in the deed to the highest bidder 'for cash,' and the sale was duly advertised and auctioned on that basis, the sale was not rendered invalid by a subsequent arrangement between such grantee and the highest bidder, not the result of any previous agreement or understanding, whereby a note of the latter was accepted in lieu of cash, but the grantee would be accountable for the note as cash in settling with the debtor. [Cits.]" *Adcock v. Berry,* 194 Ga. 243 (1) (21 SE2d 605).

The evidence concerning the alleged previous agreement to vary from the terms of the advertisement is equivocal. While it would authorize a finding that such an agreement or intent existed, it does not demand that conclusion.

"In confirmation proceedings the trial judge is the trier of fact. He presides as both judge and jury and his findings of fact shall not be set aside unless clearly erroneous. [Cits.]" *Classic Enterprises v. Continental Mtg. Investors,* 135 Ga. App. 105, 106 (217 SE2d 411). Since the evidence here, though equivocal, authorized the court's finding, we cannot say it was clearly erroneous and cannot reverse on that ground.

2. The trial court's second conclusion of law in its order confirming the sale was, "The price bid at such sale was not in excess of the fair and true market value of said property on the date of such sale." Appellants contend that this conclusion is inconsistent with the requirement in Code Ann. § 67-1504 that the judge ". . . shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale." Therefore, they argue, the judgment is not supported by the conclusions of law and must be reversed. This

contention is without merit.

In view of the trial court's findings of fact that the true market value of the property was $630,000 and that a price of $1,000 was bid at the sale, the presence of the word "not" in the contested conclusion of law is obviously a typographical error which should be corrected in accordance with Code Ann. § 81A-160 (g).

3. In the course of the direct examination of the attorney who conducted the sale, appellee's counsel asked, "Was that the correct way to conduct a sale?" Appellants objected to the question, contending that it asked for a conclusion of law. The trial court allowed the question and answer and appellants enumerate that ruling as reversible error. We disagree.

" 'In proceedings in which the court is both judge and jury, "it must be presumed that the judge has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent. This presumption prevails unless from the judgment itself it appears that consideration has been given to testimony which should have been excluded." [Cit.]' *Rowell v. Rowell,* 211 Ga. 127, 130 (84 SE2d 23)." *King Sales Co. v. McKey,* 105 Ga. App. 787, 790 (125 SE2d 684).

There is no indication on the face of the judgment that the trial judge considered the testimony complained of. There was sufficient evidence, other than that objected to, to authorize the judgment. We hold, therefore, that, whether the admission of the evidence was error or not, there is no cause for reversal here.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 20, 1978 — REHEARING DENIED MARCH 21, 1978.

*Scheer & Elsner, Robert A. Elsner, William A. Gray,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Bruce B. Weddell,* for appellee.