## 58813. BUTLER v. FORSYTH COUNTY BANK.

Shulman, Judge.

Plaintiff brought this action for confirmation of the sale (held under the terms of a deed to secure debt) of real property purchased at a foreclosure sale in Forsyth

County. The defendant answered, contending the sale was "chilled" by the wrongful manner in which it was conducted and that the sale price was not the true market value of the property. From a judgment in favor of plaintiff, defendant appeals. We affirm.

1. Appellant asserts that the sale should be set aside because the evidence demanded a finding that the sale was not held at the usual and customary time of foreclosure sales in Forsyth County. This is not well taken.

A. Code Ann. § 67-1506 provides in pertinent part: "No sale of real estate under powers . . . shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of sheriff's sales in the county in which the real estate, or part thereof, is located." At the crux of this enumeration is whether the qualifying phrase "in the county in which the real estate . . . is located" modifies "sheriff's sales" or "advertised and conducted."

When statutory construction is necessary, " 'the legislative intent must be determined from a consideration of [the statute] as a whole . . . The construction of language and words used in one part of the statute must be in light of the legislative intent as found in the statute as a whole.' [Cit.]" *D. G. D. v. State of Ga.*, 142 Ga. App. 266, 267 (235 SE2d 673). Applying this rule to Code Ann. § 67-1506, we conclude that the statute requires that sales be advertised and conducted in the county in which the real estate is located and at the time, place and usual manner of sheriff's sales. In so holding, we must necessarily reject the construction proffered by appellant, i.e., that sales under power are required to be conducted at the *usual time of sheriff's sales in the particular county* where the property is located.

B. It follows from our analysis that evidence showing the usual time of sheriff's sales in Forsyth County cannot be dispositive of the regularity of a sale under power. Since Code Ann. § 39-1206 authorizes sales between 10 a.m. and 4 p.m., a sale occurring within that time period must be deemed a sale conducted in the usual manner of sheriff's sales absent evidence of some other irregularity. See Pindar, Ga. Real Estate Law 826, § 21-78; Mitchell, Real Property in Ga. (1960), pp. 128, 644. Thus, even if

appellant's evidentiary showing was sufficient to establish that the sale under power in this case did not comport with the usual manner of sheriff's sales in Forsyth County, this showing alone would not demand a finding of irregularity.

2. Since it was not incumbent upon the plaintiff to provide expert testimony to support his contentions that the foreclosed property was sold at its true market value (as long as the witness shows that he has had an opportunity to form a correct opinion, e.g., by his familiarity with the area; see *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (1) (76 SE 387); *Schoolcraft v. DeKalb County,* 126 Ga. App. 101 (2) (189 SE2d 915)), and since there was evidence, though contradicted, to the effect that the purchase price of the property was its true market value, the court's judgment on behalf of plaintiff cannot be said to be without evidentiary support. See, e.g., *Thompson v. Maslia,* 127 Ga. App. 758 (4) (195 SE2d 238).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Submitted November 5, 1979 — Decided January 8, 1980 — Rehearing denied January 21, 1980 —

*James E. Butler, Jr., for appellant.*
*Leon Boling, Larry H. Boling, for appellee.*