## GAY *v.* PARISH, administrator.

1. Where a bidder at an administrator's sale, who failed to comply with his bid, was liable for the difference between the amount of such bid and what the property brought at a resale, and was sued therefor, and, shortly before the time for the trial, gave to the administrator a check having written upon it the words "in full payment" of the suit, and the payee caused such words to be erased before indorsing and cashing the check, parol evidence was admissible to show the circumstances under which such check was given and the erasure was made, and to show whether it was in fact given and received in full settlement or compromise of the liability, or only as a partial discharge thereof.

2. Where an administrator, under order of the court of ordinary, sold land at public outcry, and the bidder, after frequent urging, failed to comply with his bid, and the administrator thereupon notified him that he would resell the property, the bidder was liable, under the statute, for the difference between his bid and the amount which the property brought at a second sale, although the notice of resale did not expressly state that the bidder would be held liable for such difference.

3. None of the other grounds of the motion require a new trial.

JULY 11, 1912.

Complaint. Before Judge Rawlings. Jefferson superior court. March 6, 1911.

*Isaac S. Peebles Jr.* and *Milton C. Barwick,* for plaintiff in error.
*R. N. Hardeman,* contra.

LUMPKIN, J. An administrator sold property, the terms being cash. The successful bidder failed to comply with his bid. The

administrator readvertised the property and again sold it. At the second sale it brought less than at the first, and the administrator sued the ·purchaser for the difference, together with the cost of readvertisement. The suit was for $614.15. The purchaser contended that he had settled it for $324. He prepared and gave a check payable to the administrator individually for that amount. On the face of this check were written the words "in full payment H. G. Parish, admr., suit v. W. S. Gay." The evidence tended to show that the administrator refused to receive this check as full payment or as a full adjustment of the suit, which was to be tried in a few days; but he was anxious to retain the check as a partial payment. There was no conflict in the evidence as to the difference between the two bids. After receiving the check, and before it was cashed, the words quoted were stricken from it. The plaintiff testified that he sought to find the defendant in order to get the latter to do this; that he could not find the defendant; and that a bank officer or agent made the erasure. He also testified that, after he refused to receive the check in full payment and stated that he desired it as a partial payment, the defendant expressed a willingness for him to keep it. The defendant contended that he had not agreed for the words stated to be stricken from the check, and that the plaintiff kept it to consult with heirs of the estate as to receiving it in full settlement, and then cashed it. He admitted that the plaintiff did not in terms agree to receive it as a full settlement, at the time of its delivery, but claimed that it was the amount agreed upon some time before. He denied that it was tendered back to him, or that he agreed for it to be taken as a partial payment.

The words indicating full settlement were stricken from the check before its indorsement. There was no written contract of settlement excluding parol evidence, within what is commonly known as the parol-evidence rule, so as to bring the case within the ruling in *Southern Bell Telephone & Telegraph Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215), and *Pennsylvania Casualty Company* v. *Thompson,* 130 *Ga.* 766 (61 S. E. 829). See also *Copeland* v. *Montgomery,* 8 *Ga. App.* 633 (70 S. E. 30). Whether the check was in fact delivered and received as a partial payment or as full payment, and the circumstances under which the words were erased, were open to parol evidence. The check as drawn stated

that it was "in full payment" of the suit. Palpably it was not a payment of the full amount of the liability. There was no error either in admitting parol evidence, or in submitting to the jury the question raised.

The plaintiff testified that, upon the failure of the defendant to comply with his bid, he gave notice to the defendant of his intention to resell the property at the risk of the latter. The defendant was unable to remember this, and thought that the plaintiff said that if he did not comply with the bid there would be a resale, but said nothing about this being at his risk. The jury evidently believed the evidence on behalf of the plaintiff, as they had a right to do. A request was made to charge to the effect that there must not only be a notice of an intention to resell, but also that the resale would be at the risk of the defendant as the original bidder, and that the advertisement of the second sale would not suffice for that purpose. Reliance was had upon the cases of *Green* v. *Ansley,* 92 *Ga.* 647, 650 (19 S. E. 53, 44 Am. St. R. 110), and *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607 (34 S. E. 1011). The distinction between those cases and the present one is that in them there was a sale by a private individual. Upon the failure of a bidder at an auction sale by an individual, if the seller desires to sue the defaulting bidder for damages, the question is, how much is he hurt? A private owner of land is not obliged to resell it at all. He may sell at private sale. According to some authorities, he may sue the bidder for the difference between the bid and the market value of the property; or he may notify the bidder that he will resell the property, and hold the bidder liable for the difference between his bid and what the property brings at the second sale. In such event, the decisions above cited hold that there must be notice to the bidder of the intention to pursue the latter course, in order to establish the difference in the bids as the measure of damages, at least where there has been no tender and refusal of the property. But in a public sale under legal process, such as by a sheriff under an execution, or an administrator under an order of court, if the bidder fails or refuses to comply with his bid, the statute gives to the officer the right to sue him for the purchase-money, or to resell the property and hold the bidder liable for the difference between his bid and what the property brings at the second sale, if a less amount. The officer does not

26

own the property, and has not the discretion of a private owner. He can only sell at public outcry in the manner pointed out by law. If he proceeds to resell, the statute fixes the liability of the first bidder. If, therefore, the administrator in the case now under consideration notified the defaulting bidder of an intention to resell, the statute gave to such bidder notice as to what might be the result of such resale, and his liability consequent thereon. Civil Code, § 6071. The notice that the administrator intended to proceed with a resale as provided by the statute was notice enough to the defaulting bidder of what his liability would be under the statute. It would have added nothing to the notice if the administrator had said to the bidder, that, upon a resale, the statute would render the latter liable, if the property brought less than at the first sale.

None of the other grounds of the motion for a new trial require a reversal.      *Judgment affirmed. All the Justices concur.*