CARRINGTON *v.* CITIZENS BANK OF WAYNESBORO.

EVANS, P. J.   1.   Where land was sold at public sale, to be paid for in cash, under a power of attorney in a security deed, and the highest bidder failed to comply with his bid, and the donee of the power gave him written notice of his intention to resell the property on the same day unless he complied with his bid, such bidder was liable for the difference between his bid and the amount the property brought at the second sale, although the notice of resale did not expressly state that the second sale would be at his risk.   *Gay* v. *Parrish*, 138 *Ga.* 399 (75 S. E. 323).

2. After the property had been sold at the second sale and purchased by the grantee in the security deed, under permission contained in the deed to become a purchaser at the sale, the bidder at the first sale had no right, on tender of his bid several days thereafter, to demand its acceptance and a conveyance of the land to him by the purchaser at the second sale, who was the grantee in the security deed.

3. A sale under power in a security deed divests the title of the grantor, and he has no legal right several days thereafter, on tender of the amount of the debt secured by the deed to the grantee, who is purchaser at the sale, to demand a conveyance of the land or a cancellation of the security deed.

4. Where a sale of land is made under a power contained in a security deed, and by permission of the grantor contained in the deed the grantee purchases the land at such sale, the grantor can not defeat the purchaser's right to have the sale fully consummated, by tender of the amount of his indebtedness to the grantee before the actual execution of the deed pursuant to the terms of the sale.

5. A deed reciting that it is given to secure an existing indebtedness represented by notes for stated amounts, and also for subsequent advances or loans to be made to the grantor by the grantee, will include, inter partes, as a part of the consideration such subsequent advances. *Hester* v. *Gairdner*, 128 *Ga.* 531 (58 S. E. 165).

6. The only issue presented by the evidence was whether the second sale occurred within the legal hours of sale, and that issue was fairly presented by the court to the jury.

7. The various complaints of error are involved in and controlled by the foregoing rulings. The trial was without substantial error, and the evidence supports the verdict.

          *Judgment affirmed. All the Justices concur.*
          AUGUST 14, 1915.

Equitable petition. Before Judge Hammond. Burke superior court. May 28, 1914.

*W. H. Fleming,* for plaintiff.    *H. J. Fullbright,* for defendant.