## 60635. McKINNEY v. SOUTH BOSTON SAVINGS BANK.

Quillian, Presiding Judge.

Dispossessory proceeding. In April 1977 appellant took possession of a house and lot under a warranty deed subject to a note

and deed to secure debt held by appellee bank. In September 1978 the appellant became in default by failing to make the required monthly payments on the note and no payments were received thereafter. In February 1979 appellee gave proper notice by publication of its intent to foreclose by exercising the power of sale in the security deed. Appellant also received actual notice of this by mail. On March 6, 1979 appellee conducted the sale and purchased the property as the highest bidder. After the sale appellee demanded possession of the property, appellant did not vacate and appellee instituted this action. At a jury trial on May 8, 1979, appellee proved the security deed, note, default and foreclosure sale; appellant admitted the property was foreclosed, receiving the demand for possession and remaining in possession, but contested whether she had defaulted on the note and security deed. The verdict was for appellee, and appellant filed notice of appeal to the Supreme Court claiming constitutional and land title issues. The appeal was apparently mistakenly first docketed in this court on October 5, 1979, transferred to the Supreme Court on January 8, 1980, and returned to this court by the Supreme Court without opinion on June 15, 1980. Although appellant enumerates 10 errors, her brief argues only 3: that the notice of the foreclosures was insufficient to comply with the due process requirements of the U. S. and Georgia Constitutions; that appellant did not become a tenant of appellee subject to dispossessory proceedings because appellant's equity in the property had not been extinguished; and that there was a mutual departure from the terms of payment of the note to which Code Ann. § 20-116 applied. Appellee has moved to dismiss the appeal as frivolous. *Held:*

1. There is no merit to any of appellant's 3 briefed enumerations and the remaining enumerations are deemed abandoned under Rule 15 (c)(2) (Code Ann. § 24-3615).

2. Claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under Code Ann. § 61-301, 303. *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469 (2) (186 SE 197). The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside. *Walker v. Camp,* 121 Ga. App. 765 (175 SE2d 53). Additionally, the return to this court of this case by the Supreme Court without opinion is an implicit determination that there is no issue of title involved.

3. The foreclosure sale was not void for insufficient notice. By receiving actual notice, appellant received more notice than the law required. Notice by advertisement in accordance with Code Ann. § 67-1506 is sufficient. *Giordano v. Stubbs,* 228 Ga. 75 (1) (184 SE2d 165).

4. Appellant became a tenant at sufferance of appellee by the terms of the security deed and operation of law when appellee bid in the property at the foreclosure sale. *Redwine v. Frizzell,* 184 Ga. 230 (7) (190 SE 789). She became a tenant at sufferance even though there was no deed conveying the property to appellee as appellee had sufficient title by being the grantee in the security deed and the purchaser at the foreclosure sale, which gave appellee the right to bring dispossessory proceedings under Code Ann. § 61-301 et seq. *Redwine v. Frizzell,* supra, and see *Uvalda Naval Stores v. Cullen,* 165 Ga. 115 (139 SE 810).

5. There was evidence that appellant had a history of irregular payments and that appellee had accepted many late payments if late charges were paid. This evidence did not demand a verdict for appellant because of a mutual departure from the payment terms of the note and authorized the jury to find as they did.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 17, 1980 — DECIDED SEPTEMBER 24, 1980 — REHEARING DENIED OCTOBER 16, 1980 — 

*John Genins,* for appellant.
*Carol V. Clark, Lowell H. Hughen,* for appellee.

ON MOTION FOR REHEARING.

Appellant contends that we should have discussed several enumerated errors, not addressed in her initial brief and deemed abandoned, because she addressed them in her supplementary brief (also entitled Jurisdiction & Motion to Dismiss & Transfer).

There is no merit in this contention and we adhere to our finding of abandonment. As this court has made eminently clear in several opinions, a supplemental brief does not resurrect from abandonment enumerations not addressed in the initial brief. *Johnson v. Heifler,* 141 Ga. App. 460 (6) (233 SE2d 853); *Whitten v. State,* 143 Ga. App. 768 (1) (240 SE2d 107); *Belger v. Exchange Bank,* 148 Ga. App. 275, 276 (251 SE2d 22).

The remaining contentions of the motion do not merit grant of rehearing.

*Motion for rehearing denied.*