In re Lutrella GOODEN, Debtor.

Lutrella GOODEN, Plaintiff,

v.

BUFFALO SAVINGS BANK, Defendant.

Bankruptcy No. 81–02820A.
Adv. No. 81–1455A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 6, 1982.

On Motion for Reconsideration
July 19, 1982.

Paul C. Parker, Decatur, Ga., for plaintiff.

William A. Broughman, Peters, Peebles & Broughman, Decatur, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the debtor's Application to Avoid Transfer of Property and to Set Aside Foreclosure Sale. The issues presently before the Court arise out of the following transactions. On December 15, 1971, James and Lutrella Gooden purchased the property known as 392 Morgan Place, S. E., Atlanta, Georgia, and executed a promissory note and deed to secure debt which was duly recorded in DeKalb County, Georgia. The promissory note was transferred to the above-referenced defendant, Buffalo Savings Bank ("Buffalo"), and an assignment of the deed to secure debt was filed in DeKalb County, Georgia. After James Gooden's death, Lutrella Gooden and Mollie Ann Gooden conveyed the subject property to Rickey Gooden, Michael Gooden and Lolita Gooden. On January 1, 1981, the above-mentioned promissory note went into default and was accelerated. A foreclosure sale was held at 1:39 P.M. on July 7, 1981, in front of the

DeKalb County Courthouse, Atlanta, Georgia, at which time the subject property was sold to Buffalo for the outstanding indebtedness and costs of sale, including attorney's fees. At 4:21 P.M. on the same day, the above-referenced debtor filed her petition under Chapter 13 of the Bankruptcy Code. (See November 17, 1981 Order allowing ratification of the debtor's signature validating her Chapter 13 petition.) On February 3, 1982, a hearing was held on the debtor's complaint and the matter was taken under advisement.

The instant case presents three related issues. They are: (1) whether the foreclosure sale which took place on July 7, 1981 was final; (2) whether the debtor may cure her default under 11 U.S.C. § 1322(b)(5); and (3) whether the debtor has an interest in the subject property. The Court recognizes that a determination that the debtor has no interest in the subject property, that the foreclosure sale was final, or that cure is not available to this debtor will dispose of this case.

■ There is no evidence before the Court that the foreclosure sale held in the instant case was final, thus terminating any interest which the debtor may have had in the subject property. The defendant has shown that a valid foreclosure sale under a power of sale in a security deed, when properly advertised and conducted, extinguishes the right of redemption. *Georgia Real Estate Law and Procedure* § 21–89, 867 (2nd ed. 1979). However, a foreclosure sale is not final until consummated. *Federal Deposit Insurance Corporation v. Dye*, 642 F.2d 837 (5th Cir. 1981). The receipt of a bid at a foreclosure sale merely forms a contract between the bidder and the debtor to purchase property at the bid price. *Dye*, 642 F.2d at 843. "Until the deed is transferred the sale itself has not occurred." *Id.* at 843. Accordingly, for consummation of a foreclosure sale to take place, a deed must be transferred and consideration passed.

■ In *FDIC v. Dye, supra*, the high bidder was the creditor who was foreclosing on certain property. The Court therein applied an objective standard to determine when or if a transfer has occurred. Applying the rationale of *FDIC v. Dye* to the instant case, there is no evidence before the Court that a deed has been delivered from Buffalo to itself or that the debtor's note and security deed have been marked satisfied. Thus, the foreclosure sale in the instant case is not final. Furthermore, if the debtor has an interest in the subject property, she may cure her default despite acceleration. *In re Taddeo*, 9 B.R. 299 (Bkrtcy.E.D.N.Y.1981) *Aff'd* 15 B.R. 273 (Bkrtcy.E.D.N.Y.1981).

■ The transfer of legal title of 392 Morgan Place, S. E., to Rickey Gooden, Michael Gooden, and Lolita Gooden indicates that the debtor has no legal interest in the subject property—her only interest, if one exists, being equitable. The plaintiff has alleged an equitable interest in 392 Morgan Place, S. E. arising under Georgia law in the nature of a constructive trust. This trust, if it exists, may only be an implied trust because all express trusts must be in writing under Georgia law. *Ga.Code* § 108–105; *Wood v. Rice*, 143 Ga.Rep. 647, 85 S.E. 838 (1915). Therefore, until such time as the Court hears evidence on the question of the existence of a constructive trust existing between Lutrella Gooden, as beneficiary, and Rickey Gooden, Michael Gooden, and Lolita Gooden, as trustees, a ruling on whether to set aside the July 7, 1981 foreclosure sale and to avoid the related transfer of property is premature. Therefore, the Court finds that the foreclosure sale in the instant case was not final and continues this case for further hearing on the subject of Lutrella Gooden's being a beneficiary of a constructive trust as to 392 Morgan Place, S. E.

In accordance with the above, the Court directs that a hearing shall be held on the 11th day of May, 1982, at 10:30 A.M., in Room 522, United States Court of Appeals Courthouse, 56 Forsyth Street, N. W., Atlanta, Georgia, on the question of the existence of a constructive trust in favor of Lutrella Gooden concerning property known as 392 Morgan Place, S. E., Atlanta, Georgia.

IT IS SO ORDERED.

### On Motion for Reconsideration

This case is before the Court on the defendant, Buffalo Savings Bank's, Motion for Reconsideration of the April 6, 1982 Order of this Court and on the May 11, 1982 evidentiary hearing concerning the existence of a constructive trust in behalf of the debtor directed by the April 6, 1982 Order. Should the Court grant the defendant's Motion for Reconsideration and thereby also amend the April 6, 1982 Order, the question of whether Lutrella Gooden was possessed of an equitable interest in certain real property could be rendered moot. Therefore, the Court will first address the defendant's Motion for Reconsideration.

The question presented to the Court by the defendant's Motion for Reconsideration is when a foreclosure sale is final under Georgia law, thus extinguishing a debtor's right of redemption. See Order of April 6, 1982. The defendant contends that a foreclosure sale is final when cried, while this Court has held that under the holding in *The Federal Deposit Insurance Corporation v. Dye*, 642 F.2d 837 (5th Cir. 1981), a foreclosure sale is not final "until the deed is transferred." *Id.* at 843. The defendant alleges that the Court's reliance on *FDIC v. Dye* is misplaced. Accordingly, an examination of the holding in *FDIC v. Dye* will follow.

The defendant's Brief in Support of Motion for Reconsideration at page 5 attempts to distinguish *FDIC v. Dye, supra*, from the facts in the case *sub judice*, alleging that *Dye* was concerned with confirmation of a foreclosure sale as it relates to finality of sale. While the issue of confirmation of a foreclosure sale arose in *FDIC v. Dye*, it was not the determining factor in that case. In *FDIC v. Dye*, the FDIC had sued Larry Dye and Jerry Dye on certain promissory notes on which they were either makers or guarantors. The District Court had held in favor of the FDIC. On appeal, the Dyes' contended that because there had been a valid foreclosure sale of the property securing certain of these notes, under Georgia law, the FDIC could only recover a deficiency judgment on each note and not the en-

tire outstanding balance. The question of confirmation arose only to the extent that the Court recognized that a deficiency could not be sued for unless confirmation of the foreclosure sales was obtained. The Court of Appeals, in affirming the District Court, held that the foreclosure sales at issue were not final sales. The Court did not base this decision on the fact that the FDIC had not obtained confirmation of these foreclosure sales. This was not done by the appellate court since confirmation is not a prerequisite to the finality of a foreclosure sale but only to seeking a deficiency in the case of a final foreclosure sale. See *Ga.Code* § 67–1503; *FDIC v. Dye*, 642 F.2d at 842. Furthermore, even where confirmation is withheld, a foreclosure may still be final. *Id.* at 842. The Court in *FDIC v. Dye* based its determination that the subject foreclosure sales were not final on the fact that "they were never consummated: no deed was transferred and no consideration passed." *Id.* at 843. The Court determined that for a foreclosure sale to be consummated, where there is identity of bidder and creditor as in the case *sub judice*, an objective standard must be used to determine when or if a transfer has occurred. The Court in *Dye* did not state what that objective standard was, but did hold that:

> "Where the deeds have not been delivered nor have the notes been marked paid in full, it is clear that the proceeds of sale have not been transferred in the cases before us. Thus, there were no valid foreclosure sales to prevent FDIC from suing for the previously outstanding balance of the notes." *Id.* at 843.

At this time, the Court notes that *FDIC v. Dye* did not require security deeds to be marked satisfied as an objective indicia of consummation of foreclosure sale and that, as the defendant has pointed out, *Ga.Code* § 67–1315.1 requires the Clerk of the Superior Court to write the word "foreclosed" on the face of a deed to secure debt or mortgage and enter the deed book and page number in which is recorded the deed under power conveying the real property.

In summary, the receipt of a bid at a foreclosure sale merely forms a contract between the bidder and the debtor to purchase the property at bid price. *FDIC v. Dye, supra; In re John Wheeler*, 5 B.R. 600 (Bkrtcy.N.D.Ga.1980); *In re Moody v. Mendenhall*, 238 Ga. 689, 234 S.E.2d 905 (1977); *Penny v. Cash*, 201 Ga. 215, 39 S.E.2d 397. That contract is not, in and of itself, a conveyance, as contemplated by Paragraph 12 of the security deed between James Gooden and Lutrella Gooden and the Kissel Company (see Exhibit A to the defendant's Brief in Support of Motion for Reconsideration). See also *McKinney v. South Boston Savings Bank*, 156 Ga.App. 114, 274 S.E.2d 34 (1980). The crying of a sale on the courthouse steps is only a step toward finalizing a foreclosure sale and does not, without more, serve as evidence of a consummated foreclosure sale. The cases which the defendant cites in support of its motion for reconsideration are distinguishable from *FDIC v. Dye*. In *Heard v. Decatur Federal Savings & Loan Association*, 157 Ga.App. 130, 276 S.E.2d 253 (1980) and *F. W. Dorsey v. North American Life Insurance Co., etc., et al.*, 217 Ga. 650, 123 S.E.2d 919 (1962), the Court was concerned with the *validity* of foreclosure sales and not with the *finality* of foreclosure sales, which is the issue in the instant case. *McKinney v. South Boston Savings Bank*, 156 Ga.App. 114, 274 S.E.2d 34 (1980) and *Redwine v. Frizzell*, 184 Ga. 230, 190 S.E.2d 789 (1937), on which *McKinney* relied, are distinguishable in that the ability of a grantee in a deed to secure debt to bring a dispossessory proceeding against the grantor of said deed after the grantor's default was grounded in the *terms* of the deed to secure debt and not solely on the fact that a foreclosure sale had been conducted, though not finalized, because no deed had been transferred. It is an elementary principle of real estate law that for title to real property to pass, a deed must be delivered, *Ga.Code* § 29–101; *Giuffrida v. Knight*, 210 Ga. 128, 78 S.E.2d 29 (1953), and this principle applies in the case of a foreclosure sale. *McKinney v. South Boston Savings Bank, supra*, at 116. This being the case, the defendant's Motion for Reconsideration is denied.

The next issue which this Court must address is its findings of fact arising out of the May 11, 1982 evidentiary hearing. This evidentiary hearing was held to determine whether there existed a constructive trust between Lutrella Gooden, as beneficiary, and Rickey Gooden, Michael Gooden, and Lolita Gooden as trustees concerning the real property known as 392 Morgan Place, S. E., Atlanta, Georgia. See Order of April 6, 1982. The evidence presented at the May 11, 1982 hearing showed that the debtor has made all payments on the subject property since 1973 when James Gooden moved out of 392 Morgan Place, S. E., Atlanta, Georgia, except for assistance she has received from her children recently due to the difficult economic climate in which she has found herself. Furthermore, the evidence showed that the conveyance from Lutrella Gooden and Mollie Ann Gooden to Rickey Gooden, Michael Gooden, and Lolita Gooden was not intended as a gift. See *Berry, et al. v. Brunson*, 166 Ga. 523, 143 S.E. 761 (1928). Accordingly, this Court finds that a constructive trust exists under Georgia law for the benefit of Lutrella Gooden concerning the property known as 392 Morgan Place, S. E., Atlanta, Georgia.

Therefore, pursuant to the Court's determination set forth in its April 6, 1982 Order, the July 7, 1981 foreclosure sale held in front of the DeKalb County Courthouse, Atlanta, Georgia, concerning the property known as 392 Morgan Place, S. E., Atlanta, Georgia, is set aside.

IT IS SO ORDERED.