In re Alma G. SHIRLEY, Melvin Ray Shirley, Debtors.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Alma G. SHIRLEY, Melvin Ray Shirley, Thomas Lackey, Trustee, Defendants.

Bankruptcy No. 83-1-0197.
Adv. No. 83-0242A.

United States Bankruptcy Court,
D. Maryland.

May 10, 1983.

Ronald Goldberg, Silver Spring, Md., for debtors.

Barbara Oosterhout, Lanham, Md., for plaintiff.

Thomas Lackey, Upper Marlboro, Md., Trustee of the estate.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court upon the Complaint for Relief from Automatic Stay filed by Federal National Mortgage Association (plaintiff) against Alma G. Shirley and Melvin Ray Shirley (defendants). Defendants admit in their Answer that on January 12, 1983, the subject real property located at 5414 Macbeth Street, Hyattsville, Maryland, was sold for $44,000.00 to Federal National Mortgage Association, the holder of the Note secured by a Deed of Trust dated February 14, 1980, and duly recorded. A report of sale was filed in the Circuit Court for Prince George's County, Maryland, pursuant to Maryland Rule BR6. Prior to the expiration of the order *nisi* ratifying the sale, debtors filed their petition under Chapter 13.

The amount of the indebtedness at the time of the foreclosure sale was $47,357.09. The subject property was sold at foreclosure to plaintiff for $44,000.00. Defendants have no equity in the property. *See In re Moore,* 5 B.R. 449 (Bkrtcy.Md.1980); *In re Hawkins,* Adversary Proceeding No. 81–0474A (B.C.Md.1982), *aff'd,* Civil Action No. B–82–895, November 16, 1982.

■ In Maryland, title does not pass at a foreclosure until ratified by the equity court. *Plaza Corp. v. Alban Tractor Co.,* *Inc.,* 219 Md. 570, 578, 151 A.2d 170 (1958). Nevertheless, after the foreclosure sale, equity regards the property in the land in the buyer. The sale divests the mortgagor of all rights of redemption remaining in the mortgagor at the time of the sale. *Union Trust Co. v. Biggs,* 153 Md. 50, 55–56, 137 A. 509, 512 (1927); *Billingsley v. Lawson,* 43 Md.App. 713, 406 A.2d 946 (Md.App.1979), *certiorari denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). The sale forecloses the mortgage. All rights of the mortgagors are deemed to have ceased to exist as of the date of the sale. *Butler v. Daum,* 245 Md. 447, 226 A.2d 261 (1967).

The debtors contend there remains an interest in the property which would allow for the curing of the default pursuant to § 1322(b)(5) of the Bankruptcy Code, *citing In re Gooden,* 21 B.R. 456 (Bkrtcy.N.D.Ga. 1982), in support of that proposition. That case is distinguishable from the instant case. In *Gooden,* the court held that under Georgia statutory and case law, a foreclosure sale is not final until a deed is transferred and the consideration passed.

■ Questions regarding deeds of trust and mortgages, their operation and validity, are matters of state law. *Cf. Haas v. Rendleman,* 62 F.2d 701 (4th Cir.), *cert. den.* 289 U.S. 750, 53 S.Ct. 695, 77 L.Ed. 1495 (1933).

■ Settled Maryland law is contrary to *Gooden.* After the day of the foreclosure sale, the mortgagor's equity of redemption ceases to exist as an interest in land. *See generally, Pagenhardt v. Walsh,* 250 Md. 333, 243 A.2d 494 (1968); *Waring v. Guy,* 248 Md. 544, 237 A.2d 763 (1968); *Wethered v. Alban Tractor Co.,* 224 Md. 408, 168 A.2d 358, *cert. den.* 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33 (1961).