**In re Nathan Allia FOSTER, Debtor.**

**Bankruptcy No. 83–04929A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 6, 1984.

Larry James White, Douglas R. Daum, Atlanta, Ga., for creditor.

Stanley J. Turner, Decatur, Ga., for debtor.

### ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On June 7, 1983, Larry James White and Douglas R. Daum, attorneys at law, exercised the power of sale in a security deed granted by the above-named debtor to se-

cure an indebtedness for attorney's fees. The debtor filed his Chapter 13 petition on November 4, 1983. The Chapter 13 plan treats White and Daum as creditors, and the plan proposes to cure and reinstate the indebtedness to White and Daum thereby entitling the debtor to retain possession of the property sold to White and Daum as the highest bidder at the said foreclosure sale. The question arose at the February 9, 1984 confirmation hearing whether the June 7, 1983 foreclosure sale was final so as to extinguish the debtor's right in the property. The Court took this matter under advisement, and a ruling on confirmation of the Chapter 13 plan has been held in abeyance pending a decision on this question.

Prior to the foreclosure sale, White and Daum held a third position security interest in the debtor's property. The superior lienholders were the R & S Financial Corporation and the Hanover Mortgage Corporation. On September 22, 1983, after the foreclosure sale, White and Daum forwarded $2,436.57 to the R & S Financial Corporation to satisfy the second mortgage. Subsequent to the debtor's filing in bankruptcy, White and Daum have made mortgage payments to the remaining private lienholder, the Hanover Mortgage Corporation.

The debtor contends that the June 7, 1983 foreclosure sale was not final because the deed under power was not recorded by White and Daum until some time after the bankruptcy petition had been filed. The debtor cites *In re Gooden*, 21 B.R. 456 (Bkrtcy.N.D.Ga.1982), in support of his position. The attached opinion in *Lincoln Financial Corp. v. Gray (In re Gray)*, 37 B.R. 532, indicates that the Court views *Gooden* with the strictest scrutiny. As in *Gray,* the Court finds that White and Daum have complied with the standard in *Gooden* for a completed foreclosure sale, and the Court makes no further inquiry as to the validity of *Gooden.*

The Court in *Gooden* relied on the *Federal Deposit Ins. Corp. v. Dye*, 642 F.2d 837 (5th Cir.1981), for the proposition that a foreclosure sale is not final until it has been fully consummated. *In re Gooden,* 21 B.R. at 458. The Court in *Gooden* stated:

"Until the deed is transferred the sale itself has not occurred." [citing *Dye, supra*] Accordingly, for consummation of a foreclosure sale to take place, a deed must be transferred and consideration passed.

*Id.* The inquiry for this Court under *Gooden* is, therefore, to determine whether the internal transaction of transferring the deed and passing consideration had been completed by White and Daum prior to the filing of the Chapter 13 petition.

The Court in *Dye* stated that an objective standard should be applied by the Court to decide whether this internal transfer had, in fact, been consummated where the holder of the deed to secure debt is also the high bidder at the foreclosure sale. In *Dye:* (1) the deeds under power had not been delivered to FDIC, the holder of the security deed and high bidder at the foreclosure sale; *and* (2) the notes held by FDIC had not been marked paid in full. On this basis, the Fifth Circuit Court of Appeals concluded in *Dye* that the internal transaction had not been completed, and FDIC was not barred by its high bid at the foreclosure sale from bringing a suit on the underlying notes.

The Fifth Circuit did not mention recordation of the deed under power as an element of finality of the foreclosure sale. The debtor cites no authority for the position that recordation is required to complete a foreclosure sale. While recordation of the deed under power may affect the rights of the purchaser at a foreclosure sale vis-a-vis subsequent parties, there is no Georgia authority to suggest that the debtor retains an interest in the property until the deed under power is recorded. Viewing the actions by White and Daum objectively under the *Gooden/Dye* standard, this Court is satisfied that White and Daum regarded themselves as owners of the property, subject to the superior liens. As noted above, White and Daum satisfied the second lienholder in full and are currently making payments to the first lienholder. Hence,

the deed under power had duly been exchanged for consideration under the terms of the foreclosure sale.

In accordance with the foregoing, the June 7, 1983 foreclosure sale by White and Daum is hereby validated, and confirmation of the debtor's Chapter 13 plan as proposed is hereby denied.

IT IS SO ORDERED.