In re Jennie PEARSON, Debtor.

Jennie PEARSON, Plaintiff,

v.

FLEET FINANCE CENTER,
INC., Defendant.

Bankruptcy No. 85–00057.
Adv. No. 85–0122A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 1, 1985.

On Motion to Reconsider Aug. 7, 1985.

Mark E. Layng, Atlanta, Ga., for plaintiff.

Bradley M. Hoyt, John E. Tomlinson, P.C., Lilburn, Ga., for defendant.

ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on cross-motions for summary judgment. The plaintiff/debtor, Jennie Pearson ("Debtor"), commenced this adversary proceeding to set aside a foreclosure sale conducted by the defendant, Fleet Finance Center, Inc. ("Fleet Finance"). The Debtor alleges that the foreclosure sale was not fully consummated at the time the Chapter 13 petition was filed. There is no dispute as to the material facts. The issue raised by these cross-motions is whether the Debtor can cure and reinstate a mortgage under the provisions of Chapter 13 where the mortgage was foreclosed six (6) days prior to the bankruptcy filing.

This precise issue was addressed by the Court previously in several published opinions. The Debtor relies upon the decision in *In re Gooden*, 21 B.R. 456 (Bankr.N.D. Ga.1982), for the proposition that a foreclosure sale is not complete until a deed under power has been transferred. *Gooden* in turn follows a decision by the Fifth Circuit Court of Appeals styled *Federal Deposit Ins. Corp. v. Dye*, 642 F.2d 837 (5th Cir.1981), in establishing an objective test for determining when such a transfer has taken place in the event that the foreclosing creditor is also the high bidder. Considerable doubt was cast upon the validity of *Gooden* in two later decisions. *See In re Gray*, 37 B.R. 532 (Bankr.N.D. Ga.1984); *In re Foster*, 37 B.R. 537 (Bankr. N.D.Ga.1984). Essentially, the Debtor is attempting to revitalize *Gooden* notwithstanding *Gray* and *Foster*.

The material facts of this case are as follows:

1. On November 29, 1983, a promissory note in the principal amount of $20,000.00 was executed by the Debtor and another party on behalf of Home Equity Centers, Inc. ("Home Equity"). On the same date, the Debtor executed a security deed in favor of Home Equity with respect to real property located at 4630 White City Road, College Park, Georgia, to secure said promissory note.

2. The promissory note and security deed were assigned by Home Equity to Fleet Finance on January 9, 1984.

3. Thereafter, the Debtor fell into default on the promissory note. Fleet Finance advertised during the month of December, 1984 to foreclose the real property on the first Tuesday in January, 1985.

4. Fleet Finance conducted its foreclosure sale on January 1, 1985.

5. The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 7, 1985.

6. On January 8, 1985, Fleet Finance executed a deed under power of sale.

■ The pivotal determination with respect to the Debtor's attempt to cure and reinstate the mortgage is the point at which the Debtor's equity of redemption expires under Georgia law. As indicated in *Gray* and *Foster*, Georgia law states that the equity of redemption expires when the high bid is received at the foreclosure sale. *See Carrington v. Citizens Bank of Waynesboro*, 144 Ga. 52, 53, 85 S.E. 1027 (1915); *McKinney v. South Boston Savings Bank*, 156 Ga.App. 114, 116, 274 S.E.2d 34 (1980). *Cf. Federal Deposit Ins. Corp. v. Dye, supra.* Hence, *Gray* and *Foster* retrenched from *Gooden* and *Federal Deposit Ins. Corp. v. Dye* as being contrary to Georgia law.

In both *Gray* and *Foster*, the Court refrained from overruling *Gooden* by upholding the validity of the respective foreclosure sale under *Gooden's* objective standard, without holding as a matter of law that the foreclosure sale terminated the equity of redemption. Because no authority has been furnished to the Court to suggest that *Carrington v. Citizens Bank of Waynesboro, supra,* and *McKinney v. South Boston Savings Bank, supra,* are not controlling under Georgia law concerning the expiration of the equity of redemption, it appears that *Gooden* should finally be cast aside for the criticisms set forth in *Gray* and *Foster.* Therefore, the Court hereby concludes that the Debtor's equity of redemption in the case *sub judice* expired on January 1, 1985 pursuant to the foreclosure sale by Fleet Finance. Accord: *In re Campbell*, Case No. 84–03488A (Bankr.N.D.Ga.1984) (Robinson, B.J.).

Fleet Finance filed a counterclaim to compel the Debtor to vacate the property and pay reasonable rent for the use and occupancy of the premises. Based upon the conclusion herein that the Debtor has no legal or equitable interest in the subject real property, Fleet Finance shall be entitled to bring proceedings in the appropriate state forum to summarily dispossess the Debtor. With respect to the prayer for reasonable rent, the Court shall hold a hearing at 10:00 A.M., on the 1st day of August, 1985, in Courtroom 1705, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.

In accordance with the foregoing, the Debtor's motion for summary judgment shall be and is hereby DENIED, and Fleet Finance's motion for summary judgment shall be and is hereby GRANTED. A separate judgment in favor of Fleet Finance shall be entered of even date herewith. This adversary proceeding may be closed upon the entry of an Order determining the amount of the reasonable rent which is owing to Fleet Finance.

IT IS SO ORDERED.

### ON MOTION TO RECONSIDER

■ On July 17, 1985, the plaintiff, Jennie Pearson, filed with this Court a motion to reconsider the Order entered in this adversary proceeding on July 5, 1985. Essentially the motion makes two arguments: (1) the motion argues that this Court indirectly placed too much emphasis on *Carrington v. Citizens Bank of Waynesboro*, 144 Ga. 52, 85 S.E. 1027 (1915), in light of the fact

that that case is seventy years old; and (2) the motion argues that because a foreclosure sale of real property is subject to the Statute of Frauds in O.C.G.A. § 13–5–30(4), Pearson's ability to cure and reinstate a mortgage, under 11 U.S.C. § 1322(b)(5), should not terminate until the foreclosure sale is completed by delivery of a deed under power of sale.

Although the motion points out that *Carrington* is over seventy years old, no case is cited to suggest that *Carrington* has been overruled. In fact, this Court's Order on July 5, 1985 is in accord with a Sixth Circuit Court of Appeals decision dated April 16, 1985. *In re Glenn,* 760 F.2d 1428 (6th Cir.1985).

In *In re Glenn,* the Court observes that Bankruptcy Courts have inconsistently chosen a variety of events on which to terminate the debtor's ability to cure and reinstate a mortgage. After considering the Bankruptcy Court opinions, the legislative history, and the relevant policy issues, the *Glenn* Court holds that "the cut-off date of the statutory right to cure defaults is the sale of the mortgaged premises." *Id.* at 1435. The Court goes on to state that "in construing this federal statute, we think it unnecessary to justify our construction by holding that the sale 'extinguishes' or 'satisfies' the mortgage or the lien, or that the mortgage is somehow 'merged' in the judgment or in the deed of sale under state law." *Id.* at 1436.

While Pearson's Statute of Frauds argument may not be precisely the same as the merger argument alluded to in *Glenn,* the above-quoted language clearly indicates that the Sixth Circuit holds that the relevant date is the date on which the foreclosure sale occurs rather than the date on which "the deed of sale under state law" is delivered. For the reasons stated in *Glenn,* this Court agrees with the holding in *Glenn.*

Accordingly, it is ORDERED that Pearson's motion to reconsider this Court's Order dated July 5, 1985 is DENIED.

IT IS SO ORDERED.